# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC LAMONT SMALL,

        Petitioner,

v.                                                          Case No. 04-C-612

RANDALL HEPP[1],

        Respondent.

## DECISION AND ORDER

On June 24, 2004, the petitioner, Eric Lamont Small, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial, the petitioner was convicted of three counts of robbery by use of force, in violation of Wis. Stat. § 943.32(1)(a), as a habitual criminal and one count of theft of movable property, in violation of Wis. Stat. § 943.20(1)(a).

On April 22, 1997, the court sentenced him to consecutive 16-year sentences on each charge. The petitioner challenges the judgment of his conviction on the ground that his right to due process was violated because he was not given adequate notice that he was being charged as a repeater and that his status as a repeater was never sufficiently proven.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

---

[1] Randall Hepp is the current warden of Jackson Correctional Institution where the petitioner is incarcerated. Thus, Warden Hepp has been substituted as the respondent in this action. See Rule 2, Rules Governing Habeas Corpus Cases Under Section 2254.

United States District Chief Judge Rudolph T. Randa conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed October 8, 2004, Judge Randa determined that "it does not plainly appear from the 'face of the petition' that [the petitioner] is not entitled to relief." Thus, Judge Randa ordered the respondent to answer the petition for a writ of habeas corpus. The respondent answered the petition and the parties subsequently briefed the petition for a writ of habeas corpus. Therefore, the petition is ready for disposition and will be addressed herein.

## **APPLICABLE LAW**

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996), which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-877 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F.Supp.2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1519 [2000]). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 120 S. Ct. at 1523).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997). In Morgan v. Krenke, the court explained that:

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 120 S.Ct. at 1522). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

## ANALYSIS

The petitioner was convicted in Milwaukee County Circuit Court of three counts of robbery by use of force, in violation of Wis. Stat. § 943.32(1)(a), as a habitual criminal, and one count of theft of movable property, contrary to Wis. Stat. § 943.20(1)(a). The petitioner pled guilty to one of the robbery charges in the middle of trial and was convicted by a jury on the other two robbery counts. On April 22, 1997, the court sentenced him to consecutive 16-year sentences on each charge.

The petitioner appealed his conviction to the Wisconsin Court of Appeals and on August 10, 1999, the court affirmed his conviction. The petitioner filed a petition for review with the Wisconsin Supreme Court. On October 26, 1999, the Wisconsin Supreme Court denied the petitioner's petition for review.

On April 24, 2003, the petitioner filed a motion to correct his sentence in the Milwaukee County Circuit Court asserting that he had not admitted, and the State had not proven, that he was a habitual criminal. The court denied the petitioner's motion. The petitioner appealed and on November 3, 2003, the Wisconsin Court of Appeals affirmed the circuit court's decision. The petitioner petitioned the Wisconsin Supreme Court for review and the court denied review on March 23, 2004.

The petitioner filed the present petition for a writ of habeas corpus on June 24, 2004. The petitioner challenges his February 20, 1997, judgment of conviction asserting that his right to due process was violated because he was not given adequate notice under Wis. Stat. § 939.62 that he was being charged as a repeater in the charging documents and that his status as a repeater was never sufficiently proven.

In response, the respondent asserts that the petitioner failed to cite a United States Supreme Court case to support his claim that he was denied due process by the alleged

Case 2:04-cv-00612-PJG   Filed 12/07/07   Page 4 of 8   Document 23

4

violation of Wis. Stat. § 939.62 and, therefore, the petitioner failed to adequately prove his claim. The respondent maintains, nevertheless, that the charging documents clearly informed the petitioner that he was being charged as a repeater. Additionally, the respondent contends that the petitioner pled guilty to one of the charges in the middle of his trial and in doing so, admitted his prior conviction. Finally, the respondent asserts that at the petitioner's sentencing hearing, the State submitted sufficient proof of the petitioner's prior conviction.

A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. See Pulley v. Harris, 465 U.S. 37, 41 (1984). "State courts are the ultimate expositors of their own states' laws and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances . . . ." McCloud v. Deppisch, 409 F.3d 869, 875 (7th Cir. 2005) (quoting Lechner v. Frank, 341 F.3d 635, 641 [7th Cir. 2003]). Thus, on a petition for a writ of habeas corpus, a federal court will not review errors of state law unless "there is a resultant denial of fundamental fairness or the denial of a specific constitutional right." See United States, ex rel. DiGiacomo v. Franzen, 680 F.2d 515, 517 (7th Cir. 1982). A denial of fundamental fairness occurs whenever the decision "probably caused a miscarriage of justice, that is, the conviction of an innocent person." Gomez v. Ahitow, 29 F.3d 1128, 1139 (7th Cir. 1994)(quoting Thompkins v. Cohen, 965 F.2d 330, 333 [7th Cir. 1992]).

The petitioner does not assert that the state court's decision violated a specific constitutional right. Therefore, the court can only review the state courts' decision if the petitioner was denied fundamental fairness. The petitioner has failed to establish that the alleged violation of Wis. Stats. § 939.62 resulted in fundamental unfairness, thereby violating his right to due process. See Estelle v. McGuire, 502 U.S. 62, 65 (1991). The petitioner asserts nothing more than an error of state law and federal habeas corpus relief does not lie for errors

of state law. See, Pulley, 465 U.S. at 41. Moreover, the petitioner failed to cite to any federal law in support of his claim. Therefore, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

Even if the court could review the petitioner's claim that his right to due process was violated because he was not given adequate notice under Wis. Stat. § 939.62 that he was being charged as a repeater in the charging documents, the petitioner's claim would fail. In this case, the criminal complaint clearly charged the petitioner as a habitual criminal. The complaint alleged that the petitioner had been convicted of theft in Milwaukee County Circuit Court on April 13, 1993, that the conviction was for a felony and that the conviction increased his potential sentences on all counts charged to either a maximum of 16 or 50 years. The complaint in the case was filed on May 5, 1995, and the petitioner was not tried until February 1997. He was not sentenced until April 22, 1997. Thus, the petitioner had constitutionally adequate notice and an opportunity to be heard. See Oyler v. Boles, 368 U.S. 448, 452 (1962).

The petitioner asserts, however, that the repeater allegations should have been placed after each of the complaint's substantive charges and that the complaint should have alleged how long he was confined on the previous charges. He further asserts that the complaint failed to identify the agency that provided the information about his previous conviction. Neither Wis. Stat. § 973.12 nor due process requires the State to reallege the repeater enhancer after each count subject to it. The petitioner does not assert that he did not understand that each count was subject to the repeater enhancer. As to the petitioner's second assertion, it was not necessary for the State to allege the dates he was confined for the theft offense because the petitioner was convicted of the theft in May 1993, two years prior to the 1995 enhanced crimes.

The petitioner's previous conviction was within five years of his current conviction. Thus, the amount of time he might have been confined was irrelevant.

Finally, with respect to the petitioner's assertion that the complaint failed to identify the agency that provided the information about his previous conviction, the complaint states that the petitioner's previous conviction was discovered through a search of Milwaukee County Circuit Court files. Moreover, a judgment of the petitioner's previous conviction filed with the court at the outset of the case identifies it as a Milwaukee County conviction.

The petitioner also maintains that the State failed to adequately prove his prior conviction. However, the petitioner fails to cite to any federal law in support of his claim that the State failed to adequately prove his prior conviction. Therefore, the petitioner has not shown that the State court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. See Williams, 529 U.S. 412-13.

The United States Supreme Court has held that "other than the fact of a prior conviction, any fact that increases the penalty for crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); see also, Jones v. United States, 526 U.S. 227, 243, n.6 (1999) and Almendarez-Torres v. United States, 523 U.S. 224, 226-27(1998).[2] Thus, the burden of proof with respect to the existence of a prior conviction is necessarily less than reasonable doubt. Regardless of the burden of proof, however, the State sufficiently proved the petitioner's previous conviction. First, the petitioner did not dispute the existence of a prior conviction. (Even now, the petitioner does not dispute that the conviction existed, just that the State failed to adequately prove it.). Additionally, the petitioner admitted his prior conviction by pleading

---

[2] The court notes that Apprendi as well as Jones and Almendarez-Torres, were decided after the petitioner's conviction.

guilty to the enhanced charge and thus, it was sufficiently proved under any standard of proof. See Almendarez-Torre, 523 U.S. at 248. Moreover, the State submitted adequate evidence to prove the petitioner's repeater status. A certified judgment of conviction had been submitted to the court when the complaint was filed.

Accordingly, the petitioner's petition for a writ of habeas corpus will be denied. The petitioner has failed to show that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. See Williams, 529 U.S. 412 -13. Moreover, the petitioner was given adequate notice under Wis. Stat. § 939.62 that he was being charged as a repeater in the charging documents and the State adequately proved his prior conviction. Therefore, the petitioner failed to establish that his due process rights were violated.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that respondent Randall Hepp, warden at Jackson Correctional Institution, be and hereby is **substituted** in place of Catherine Farrey.

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2007.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge
